IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO PHILLIPS, | : | |
|       Plaintiff, | : | |
|     v. | : | Civ. No. 13-1031 |
| | : | |
| CAROLYN COLVIN | : | |
| Acting Commissioner of Social Security, | : | |
|       Defendant. | : | |

**O R D E R**

      Plaintiff Angelo Phillips seeks review of the Social Security Commissioner's denial of his claim for disability insurance benefits and supplemental security income.  (Doc. No. 3.)  I referred the matter to a Magistrate Judge for a Report and Recommendation.  (Doc. No. 11.)  Judge Rice recommended denying review and Plaintiff has objected.  (Doc. Nos. 16, 17.)  For the following reasons, I will overrule Plaintiff's objection and adopt the Report and Recommendation.

**I.**      **BACKGROUND**

      The Social Security Administration denied Plaintiff's claims for disability insurance benefits and supplemental security income in March 2010.  (Doc. No. 7-2 at 23.)  While Plaintiff's ALJ hearing was pending, Plaintiff requested a consultative examination that included IQ testing.  The ALJ denied the request for the consultative examination and, after a hearing, denied Plaintiff's claims on July 15, 2011.  (Id.)

      Plaintiff filed a Request for Review, arguing that the ALJ erred by refusing his request for a consultative examination and that testing would show that he qualifies for benefits under Listing 12.05 based on mental retardation. (Doc. No. 11.)  Judge Rice recommended denying the request for review, finding that the ALJ's decision was supported by substantial evidence

"because there was no information in the record that suggested an IQ test was necessary." (Doc. No. 16 at 1.)  Plaintiff objects, again arguing that the ALJ's refusal to order IQ testing was unsupported and should reversed.  (Doc. No. 17.)

## II.     LEGAL STANDARD

The ALJ's decision must be upheld if it is supported by "substantial evidence." Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).  "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)).

I must review *de novo* each issue addressed by the Magistrate Judge to which Plaintiff has raised a timely and specific objection.  28 U.S.C. § 636(b)(1) (2002); see also Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  I may "accept, reject, or modify, in whole or in part, the [Magistrate Judge's] findings and recommendations."  28 U.S.C. § 636(b)(1).  It is also within my discretion to rely on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III.    DISCUSSION

I agree with Judge Rice that substantial evidence supported the ALJ's refusal to order a consultative examination with IQ testing.  (Doc. No. 16 at 13.)  The ALJ provided the following explanation for denying testing:

> [C]laimant has admitted to continual alcohol abuse (e.g., Testimony). Furthermore, school records in evidence from Coatesville High School indicate that the claimant had a verbal IQ of 86, non-verbal IQ of 86, and IQ of 85 (Exhibit 15F, p. 9).  The evidence reveals that the claimant has some difficulty with counting and mathematics, but that his intelligence is in the low average to average range, with no evidence to suggest that the claimant suffers from mental retardation (e.g., Exhibit 9F).  Therefore, I denied the claimant's request for an IQ Test.

(Doc. No. 7-2 at 23.)

Plaintiff argues that the ALJ ignored scores from the Short Form Test of Academic Aptitude from May 1972, February 1973, and February 1980 that showed IQ scores in the 60s and supported Plaintiff's claim that he suffers from mental retardation. (Doc. No. 17 at 4.) As Judge Rice explained, however, Plaintiff's SFTAA scores did not reveal conflicting evidence regarding Plaintiff's intelligence that required further testing. (Doc. No. 16 at 13); see Maniaci v. Apfel, 27 F. Supp. 2d 554, 559 (E.D. Pa. 1988) (further development of factual record required only if other evidence "fairly raised" the question of whether a particular ailment met the listing). The disability listing for mental retardation is based on the Wechsler series test for measuring IQ—not the SFTAA—and includes the caution that "identical IQ scores obtained from different tests do not always reflect a similar degree of intellectual functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00(6)(c). In denying the request for testing, the ALJ noted that Plaintiff's Wechsler series test showed an IQ of 85, which is insufficient to qualify for benefits. (Doc. No. 7-2 at 23.) Accordingly, I agree with Judge Rice that the ALJ did not ignore relevant evidence because the SFTAA scores did not fairly raise Plaintiff's entitlement to benefits. Moreover, Plaintiff does not challenge the test results the ALJ relied upon in finding that Plaintiff has "low average to average intelligence." (Doc. No. 7-2 at 23.)

**AND NOW**, this 29th day of December 2014, upon consideration of Plaintiff's Request for Review, the Commissioner's Response, the Report and Recommendation of the Magistrate Judge, Plaintiff's Objection to the Report and Recommendation, it is hereby **ORDERED** as follows:

1. Plaintiff's Objection (Doc. No. 17) is **OVERRULED**;
2. The Report and Recommendation (Doc. No. 16) is **APPROVED** and **ADOPTED**;

3. Plaintiff's Request for Review (Doc. No. 11) is **DENIED**;

4. The decision of the Commissioner which denied disability insurance benefits and supplemental security income to Plaintiff is **AFFIRMED;** and

5. The Clerk of Court shall **CLOSE** this case for statistical purposes.

                                              **AND IT IS SO ORDERED.**

                                              */s/ Paul S. Diamond*
                                              _____
                                              Paul S. Diamond, J.